## STATE vs. FRANK H. THOMAS.

1. CRIMINAL LAW—PLEAS—FORMER JEOPARDY—NECESSITY OF PLEADING.

Where the record does not show on its face that a former acquittal was in the same prosecution, it is not admissible to show former jeopardy in the absence of a special plea setting up the bar.

2. CRIMINAL LAW—EVIDENCE—RECORDS—ADMISSIBILITY.

Record of former acquittal on charge of forging a check is not admissible in support of motion to strike out evidence regarding such check in a second prosecution for forging another check, where the purpose of such evidence was not to show that the first check was forged.

3. FORGERY—ELEMENTS.

"Forgery" is the fraudulent making or altering of a writing to the prejudice of another man's rights.

4. FORGERY—ELEMENTS—BURDEN OF PROOF.

Under an indictment for forgery in unlawfully filling out a check after it was signed in blank, it is unnecessary to prove that the accused signed another's name to the check.

5. FORGERY—GOOD FAITH.

If one accused of forgery in unlawfully filling out a check after it was signed in blank, had, or honestly in good faith believed he had, authority to fill it out as he did, he is not guilty of forgery; there being no fraudulent intent, which is essential to the crime.

6. FORGERY—FRAUDULENT INTENT.

The state must both allege and prove fraudulent intent in a prosecution for forgery.

7. FORGERY—INTENT—EVIDENCE.

The intent with which a check was filled out may be proved by direct or indirect evidence.

8. CRIMINAL LAW—INTENT—"INDIRECT EVIDENCE".

"Indirect evidence" to show criminal intent is proof of acts or conduct of the accused as well as of other circumstances incident to the transaction from which the intent can reasonably or naturally be inferred.

9. FORGERY—UTTERING FORGED INSTRUMENT—ELEMENTS.

There can be no conviction of uttering a forged instrument if the jury believes that the instrument was not forged.

(*March* 3, 1916.)

Judges BOYCE and RICE sitting.

*Josiah O. Wolcott*, Attorney General, and *John B. Hutton*, Deputy Attorney General, for the state.

*George M. Fisher*, *W. Watson Harrington*, *Thomas C. Frame*, *Jr.*, and *Henry Ridgely*, for the accused.

Court of General Sessions, Kent County, February Term, 1916.

INDICTMENT FOR FORGERY, No. 1, February Term, 1916.

The indictment charged Frank H. Thomas with having, on the eighth day of August, 1914, in South Murderkiln Hundred,

Kent County, made, forged and counterfeited a certain check for one hundred and eight dollars and thirteen cents, of the Wyoming Fruit Growers' Association, signed in blank by P. Emerson, treasurer of the association, to the order of Frank George; also that the accused uttered and passed the said check with the knowledge that it was forged. Verdict not guilty.

The accused was employed by the Wyoming Fruit Growers' Association to receive and load on cars fruit of the members of the association and to make consignment thereof, but it was expressly understood and agreed that he should not handle the funds of the association, or fill out checks thereof.

The car cards and inspectors' books were daily turned in to the bookkeeper who was the wife of the accused, and the returns of the sales were made to the association, from all of which the bookkeeper kept account with each shipper. The treasurer's duty was then to distribute the proceeds of sales to the several shippers. He was in the habit of signing checks in book form in blank, to be filled out by the bookkeeper in favor of shippers.

The state claimed that on the eighth day of August, 1914, the accused bought some pears from the said Frank George, who was not a member of the association, and paid therefor by filling out and delivering to Frank George the alleged forged check. The accused shipped the pears in the name of Frank H. Thomas and Son, in a car with the association's fruit, and when the returns therefor were received, the bookkeeper filled in a check signed by the treasurer in blank, payable to Frank H. Thomas and Son for the proceeds of the sale of the pears. The alleged forged check was admitted in evidence as Exhibit No. 1, and the last check mentioned as Exhibit No. 2. The endorsement of the last check by Frank H. Thomas and Son was in the handwriting of the accused.

The accused claimed that the pears bought from Frank George were bought for the association at the suggestion of Emerson to aid in loading a car, and that he had express authority from Emerson, treasurer, to fill out the check in favor of Frank George; and that the endorsement of the name of Frank H. Thomas and Son on Exhibit No. 2 was innocently made, without

his knowledge that the check, or his indorsement thereon, had anything to do with the George pears, and he further claimed that he endorsed Exhibit No. 2 at the time he did other checks payable to Frank H. Thomas and Son, for fruit bought on their own account without seeing the face of the check.

The defendant objected to the admission of Exhibit No. 2 on the ground that the accused had at a prior term of court been indicted, tried and acquitted of the forgery of the second check, . and that by reason of the former acquittal it must be taken to be a genuine instrument untainted with fraud, and that the state could not now be permitted to make use of the second check, for the purpose of showing fraud or wrongdoing by the accused in connection with the first check.

The attorney general stated that the purpose for which the second check is offered in evidence is not at all predicated upon the theory that it is a forged instrument; and its presence in this case does not run counter to the verdict of acquittal had in the prosecution upon it. In the light of the opinion of the court which tried that case, this check is plainly and clearly not a forgery. In that prosecution it was claimed that it was a forgery. The verdict, directed by the court, said "no". The use of this second check in this case is in no way inharmonious with the character impressed upon it by that verdict.

In order for the state to sustain the charge of forgery of the first check, it is incumbent to show fraud in filling it out. That is to say, the state must show that the Wyoming Fruit Growers' Association was wronged or prejudiced in its rights by filling out of Exhibit No. 1. We offer the second check to show the method, which in itself in view of the former acquittal was a lawful method, employed by the defendant to secure unto himself money in payment for the pears which Exhibit No. 1 had bought. The present offer is to show the fraudulent intent in the mind of the accused at the time he filled out Exhibit No. 1.

The court admitted the second check subject to the right of the accused, at a later stage, to move to strike it out and all evidence connected therewith.

Counsel for the accused before the close of the testimony

moved to strike out Exhibit No. 2 and all evidence connected therewith, on the ground of former acquittal, as objected at the time the check was offered in evidence. The attorney general objected on two grounds:

*First*, that the former acquittal for forgery based on Exhibit No. 2 could not in any way be made use of as amounting to former jeopardy or a former acquit, because in this case there was no plea of former jeopardy; and under the well settled practice of this court, and the rule of common-law pleading, the defense of former jeopardy must be specially pleaded. The only plea in this case is, "not guilty".

*Second*, even if the pleadings were such as to admit the contention of the defendant, there is in fact no former jeopardy within the meaning of the term. This, however, it was deemed unnecessary to argue, until the sufficiency of the pleading for the question raised was first disposed of.

RICE, J.:—The question before the court is the admission of the record of the former trial of, and acquittal of, the accused in the present prosecution, on a charge for forgery at the last term of this court.

[1, 2] We do not think the record is admissible to show former jeopardy in bar of the present prosecution in the absence of a special plea setting up such a defense, as the record does not disclose on its face that the former acquittal relied upon was in the same prosecution now before the court. Nor do we think the record is admissible in support of the motion to strike out the evidence respecting Exhibit No. 2, introduced by the state against the objection of counsel for the accused.

RICE, J., charging the jury:

In this indictment Frank H. Thomas, the accused, is charged with the offenses of feloniously and fraudulently making, forging and counterfeiting a check, and of publishing and uttering the same knowing it to be forged.

[3] Forgery is defined to be the fraudulent making or altering of a writing to the prejudice of another man's rights.

[4]   In this case the claim of the state briefly is that Frank H. Thomas, the accused, without authority, did fraudulently make out a check payable to the order of Frank George, for the amount of one hundred and eight dollars and thirteen cents, the same having been signed in blank, by Pennell Emerson, treasurer. The state does not claim, and it is not necessary for it to prove that Frank H. Thomas, the accused, signed Pennell Emerson's name to the check.   The state also claims that Frank H. Thomas, the accused, did utter and publish a forged check, knowing it to be forged.

The accused admits that he filled out the check in question but denies that he acted fraudulently in doing so and contends that he had full and proper authority of Pennell Emerson, the treasurer of the Wyoming Fruit Growers' Association, to make out the check payable to the person and for the amount it was made out.   He does not dispute the fact that he gave the check as made out to the payee named therein.

[5]   One of the questions necessary for you to determine in considering the present case is whether or not Frank H. Thomas, the accused, had or honestly and in good faith believed he had authority to make the check payable to the person and for the amount it was made out.   For if he did have such authority, or honestly and in good faith believed that he had such authority, his intent would not have been a fraudulent one and he could not be found guilty of the crime with which he is charged.

[6]   The fraudulent intent inspiring or accompanying the act is one of the essential elements of the crime of forgery, and it must be both alleged and proved by the state.

[7, 8]   The intent with which an act is done may be proved by indirect as well as by direct evidence.   Indirect evidence is the proof of acts or conduct of the accused as well as other circumstances incident to the transaction, from which the intent can reasonably and naturally be inferred.

If you should believe that at the time Frank H. Thomas, the accused, was employed by the Wyoming Fruit Growers' Association, it was agreed by him that he should not handle any of the funds of the association, yet if you should believe that Pen-

nell Emerson, the treasurer of the association, did afterwards direct or authorize the accused to fill in the check in question and deliver it to Frank George, and if you should believe that the accused did in good faith believe that he had authority to fill in the check, your verdict should be not guilty.

[9]  If on the other hand you should believe that Frank H. Thomas, the accused, had no authority to fill in the check in question and that he did so fraudulently with the intent to defraud either Pennell Emerson, treasurer, or the Wyoming Fruit Growers' Association as charged in the indictment, your verdict should be guilty, or if you should find that the accused uttered and published a forged check with knowledge that it was forged, as alleged in the indictment, your verdict should be guilty; but if you should believe in the first place that the check was not forged, you cannot find the accused guilty of uttering and publishing a forged check as charged in the indictment.

Verdict, not guilty.